UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DAVIS AND
HATEMA DAVIS,

        Plaintiffs,

v.

CITY OF DETROIT, ET AL.,

        Defendants.
_____/

Case No. 15-10547

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SHOW CAUSE AND/OR REQUEST FOR A DEFAULT JUDGMENT (ECF NO. 54)

Now before the Court is Plaintiffs' Amended Motion to Show Cause and/or for Default Judgment for Defendants' Failure to Comply with This Court's Prior Discovery Orders" filed on January 26, 2016.  (ECF No. 54.)

Plaintiffs originally filed their putative class action on February 11, 2015.  (ECF No. 1.)  In their Complaint, Plaintiffs allege individual members of the Detroit Police Department violated their constitutional right to be free from unlawful searches and seizures and also allege that their constitutional rights were violated as a result of the City of Detroit's unconstitutional polices, customs, training and/or supervision of its police officers.  (*Id*.)  On July 14, 2015, pursuant to a stipulated order, Plaintiffs filed their First Amended Complaint which added new defendants and reflected a party substitution.  (ECF Nos. 20, 21.)

On June 30, 2015, Defendant City of Detroit moved the Court for a protective order seeking to preclude or delay discovery of the Defendant City of Detroit's Internal Affairs

files and files related to homes other than the named Plaintiffs' home.  (ECF No. 18.)  Defendant City of Detroit argued a protective order was needed because the files requested by Plaintiffs in their requests to produce were part of an "on-going federal and local enforcement investigation."  (ECF No. 18, at *5-6.)  Additionally, Defendant City of Detroit asserted that the requested documents and information "relative to internal investigations" of the Detroit Police Department contained privileged information regarding the disposition of internal police department proceedings.  (*Id*. at *6-7.)  Plaintiffs filed a response to Defendant City of Detroit's motion.  (ECF No. 24.)  The motion was referred to Magistrate Judge David R. Grand.  (ECF No. 25.)

Magistrate Judge Grand held a hearing on the Defendant City's Motion for Protective Order on September 15, 2015.  The same day, Magistrate Judge Grand issued an order granting in part and denying in party Defendant City of Detroit's Motion (the "September Order").  (ECF No. 36.)  Magistrate Judge Grand ordered:

> Within thirty (30) days of the date of this Order, Defendant shall produce all documents responsive to Plaintiff's Request to Produce Nos. 1, 2, 6, and 7.  As set forth on the record, Defendant may redact from such documents information that is deliberative or evaluative in nature, and thus, protected by the deliberative process privilege; however, Defendant shall also, within thirty (30) days of the date of this Order, produce to Plaintiffs a privilege log detailing the reasons for such redactions.  As further detailed on the record, all of these documents shall be produced subject to the terms of a stipulated protective order.  In all other respects, Defendant's Motion is DENIED.

(*Id*.)  Neither party filed objections to this Order.

On October 8, 2015, the Court entered the referenced stipulated protective order which reiterated that: "Defendants shall produce all documents responsive to Plaintiffs' First

request to Produce, dated April 23, [20]15, Nos. 1, 2, 6, and 7, and Plaintiffs' Second Request to Produce, dated July 23, 2015, Nos. 1, 2, and 4. Defendant may redact from such documents information that is deliberative or evaluative in nature and thus, protected by the deliberative process. Defendant shall provide a privilege log for any and all such redactions made to the documents produced." (ECF No. 44, at 2.)

On January 26, 2016, Plaintiffs' filed the current "Amended Motion for Order to Show Cause and/or for Default Judgment for Defendants' Failure to Comply with this Court's prior Discovery Orders." (ECF No. 54.) Plaintiffs assert that on November 3, 2015, Defendant City of Detroit provided its Supplemental Responses to Plaintiffs' discovery requests but violated the September Order when it failed to provide the responsive documents to Plaintiffs' First Request to Produce, dated April 23, 2015, No. 7 as it pertained to Defendant Arthur Leavells. (Pls.' Mot., Ex. A, Pls.' First Req. to Produce.)[1] Rather than provide the responsive documents or provide a privilege log as ordered, Defendant City of Detroit merely stated in its supplemental response: "IA Filed Case No. 14-084 is an open and pending case." (Pls.' Mot., Ex. E, Def.'s Supp. Discovery Resp. to Pls.' First Req. to Produce.)

Plaintiffs also assert that Defendant City of Detroit violated the September Order when it failed to produce any documents, subject to redaction as set forth in the Stipulated

---

[1] Plaintiffs' First Request to Produce No. 7, provided in pertinent part: "Produce Defendant' [sic] complete internal affairs investigative file dated from May 2013 through the present and relating, in any way, to complaints of any kind, including but not limited to, obtaining and/or execution of search warrants, unlawful searches and/or seizures ....by members of Detroit Narcotics Unit including.... (e) Arthur Leavells."

Protective Order, responsive to Plaintiffs' Second Request to Produce No. 1 relating to the personnel files of the named individual Defendants. (Pls.' Mot., Ex. C, Pls.' First Set of Interrogatories and Second Req. to Produce.)[2]

Plaintiffs now request that this Court order Defendant City of Detroit to show cause for its failure to comply with the September Order and/or sanction Defendant City of Detroit for its failure to comply by entering a default judgment against it pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).

Pursuant to Rule 37(b)(2)(A), where a party has failed to obey an order to provide or permit discovery a court may "issue further just orders" including, *inter alia*, an order "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A). The Sixth Circuit has held that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citation omitted). Such an action "should be imposed only if the court finds that the failure is due to willfulness, bad faith, or fault." *Edwards v. City of Grand Junction, Tenn.*, 178 F.3d 1294 (6th Cir. 1999) (citation omitted) (Table). A court should also consider four other factors when determining whether to impose such a sanction:

> 1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered.

*Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 373, 376 (6th Cir. 2008).

---

[2] Plaintiffs' Second Request to Produce No. 1, provided in pertinent part: "Please produce complete personnel files for the following Defendants (whether previously or presently) employed for the City of Detroit...."

At this time, the Court finds that the requested default judgment is too severe a sanction under Rule 37(b)(2)(A).  While Defendant City of Detroit has clearly failed to comply with Magistrate Judge Grand's September 15, 2015 Order, the Court finds that these facts do not illustrate the required "extreme case" to justify such a sanction.  The Court also notes that entering a default judgment against Defendant City of Detroit would be unjustified at this time because Defendant City of Detroit has not been warned a failure to comply with the September Order could result in such a harsh sanction.  Rather, the Court holds that the appropriate course of action is to order Defendant City of Detroit to comply with the September Order or show cause in writing for its failure to do so.

For all these reasons, this Court will GRANT IN PART and DENY IN PART Plaintiffs' Amended Motion for Order to Show Cause and/or Default Judgment (ECF No. 54) such that Plaintiffs' request for an order to show cause is GRANTED but the request for a default judgment and attorneys fees is DENIED at this time.

Further, the Court ORDERS that Defendant City of Detroit either COMPLY with Magistrate Judge Grand's September 15, 2015 Order within twenty-one days of this Order and supply responsive documents to Plaintiffs' First Request to Produce No. 7, Plaintiffs' Second Request to Produce No. 1, and supply Plaintiffs with the appropriate privilege log, OR SHOW CAUSE in writing within 21 DAYS of the date of this Order for its failure to do so.

The Court also cautions Defendant City of Detroit that this Order serves as a warning that further failure to comply with the September 2015 Order or failure to respond to this

Order to Show Cause may result in the imposition of a more harsh sanction under Rule 37(b)(2)(A) including, but not limited to, entry of a default judgment.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 3, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2016.

s/Deborah Tofil
Case Manager