UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DAVIS AND HATEMA DAVIS,

        Plaintiff,                  Case No. 15-10547

                                      Paul D. Borman
v.                                     United States District Judge

                                      David R. Grand
CITY OF DETROIT, ET AL.,          United States Magistrate Judge

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS CITY OF DETROIT, FLANAGAN, NAPIER MATELLIC, BARNETT, RILEY, BRAY, JOHNSON, BEASLEY, AND GEELHOOD'S OBJECTIONS TO MAGISTRATE JUDGE'S MAY 16, 2016 ORDER

The present civil rights case arises from Plaintiffs Timothy Davis and Hatema Davis' allegations that their home was wrongfully raided and they were interrogated for hours by officers of the City of Detroit's Narcotics Unit in violation of the Fourth and Fourteenth Amendment. (*See* ECF No. 21, Am. Compl.)

On May 12, 2016, Defendants City of Detroit, Flanagan, Napier, Matellic, Barnett, Riley, Bray, Johnson, Beasley, and Geelhood ("Defendants") filed a Motion to Compel Plaintiffs' Appearance for Deposition. (ECF No. 73.) That motion was referred to Magistrate Judge David R. Grand for determination pursuant to 28 U.S.C. § 636(a)(1)(A). (ECF No. 74.) On May 16, 2016, Magistrate Judge Grand issued an order summarily denying Defendants' motion to compel. (ECF No. 75.) Now before the Court is

Defendants' Objection to Magistrate Judge Grand's May 16, 2016 Order which was filed on May 31, 2016. (ECF No. 78.)

## I. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* This Court, however, cannot reverse a magistrate judge's opinion on a non-dispositive matter unless that decision was "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). The United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir 1992) (quoting *U.S. Gypsum Co.*).

This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.

1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, o 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)).  As a result, the reviewing court must employ "independent judgment with respect to the magistrate judge's conclusions of law." *Id*.

## II. BACKGROUND

On May 16, 2016, Magistrate Judge Grand summarily denied Defendants' nine paragraph long Motion to Compel and one sentence long Brief in Support because Defendants failed to adequately describe the parties' dispute and failed to show they were entitled to any relief.  (ECF No. 75.)  In support of their skeletal motion and brief, Defendants attached an email from Plaintiffs' attorney, which provided:

> [W]e are not producing Mr. Davis for deposition because the City has failed to comply with our discovery requests and specifically as to Mr. Davis, we have not been given all notes and recordings of his statements in the City's possession related to this matter.  It is inappropriate to withhold these documents and recordings and these documents and recordings are one of the topics of Plaintiff's 6/7/16 Motion [hearing date for Plaintiffs' Renewed Motion for Default against Defendant City of Detroit].  We will produce Mr. Davis after you have complied with our request as it relates to his testimony.

(ECF No. 73, Ex. 2, 5/5/2016 Email.)  Magistrate Judge Grand noted that Defendants failed to "show why Mr. Davis' position – that he should only be deposed after Defendant City of Detroit has produced certain material to him – lacks merit.  Indeed, Defendants did not even mention in their motion or brief that Mr. Davis proffered that reason, let alone analyze its legitimacy."  (ECF No. 75, Report and Recommendation, at *3.)

Magistrate Judge Grand also found that Defendants "failed to show that there is any dispute as to the deposition of Plaintiff Hatema Davis" because no objection had been

made by Plaintiffs' attorney regarding producing Plaintiff Hatema Davis for a deposition "as Plaintiffs' counsel clearly objected only to the deposition of Mr. Davis ('we are not producing Mr. Davis')." (*Id.*) The Motion to Compel was summarily dismissed before Plaintiffs' were required to file a response to the motion.

### III. ANALYSIS

"It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge." *Marr v. Foy*, No. 1:07-CV-908, 2010 WL 3061297, at *4 (W.D. Mich., Aug. 3, 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n .1 (6th Cir. 2000)); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001). "The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Id.* (quoting *Jones-Bey v. Caruso*, No. 1:07-CV-392, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009)).

Here, Defendants have not articulated a single *objection* to the Magistrate Judge's conclusion that the Motion to Compel failed to articulate the parties' dispute and failed to show that Defendants were entitled to the relief request. Instead, Defendants reargue the merits of their motion before this Court with the facts and arguments that were never presented for review to the Magistrate Judge. The Court finds that Defendants' arguments are a tacit admission that the Magistrate Judge's conclusion that the Motion to Compel should be summarily dismissed was not "clearly erroneous" or "contrary to law." *See* FED. R. CIV. P. 72(a).

The Court also takes notice of the fact that Plaintiffs filed a renewed motion for default judgment against Defendant City of Detroit on April 7, 2016 based upon Defendant City of Detroit's alleged repeated failures to produce certain discovery regarding the internal investigation into the search of Plaintiffs' home and Plaintiff Timothy Davis' recorded statements. (ECF No. 65, Renewed Motion, at 15; *see also* ECF No. 79, Resp. to Def. Levealls Mot. to Compel Plaintiffs' Depositions, at ¶6.) This renewed motion for default was filed prior to Plaintiffs' attorney's refusal to produce Plaintiffs' for depositions and formed the basis for Plaintiffs' attorney's refusal.

Additionally, the Court notes that although Defendants' motion to compel was summarily dismissed and Plaintiffs did not have an opportunity to respond; Defendant Levealls has filed a separate motion to compel the depositions of Plaintiffs to which Plaintiffs' filed a response. (ECF Nos. 76, 79.) Plaintiffs argued in their response to Defendant Levealls' motion that

> Plaintiffs have consistently maintained that they would be produced for their depositions *after* the City complies with its discovery obligations. Given that the City has recorded interviews with Timothy Davis, and other documents relating to its internal investigation regarding the raid on Mr. Davis' home, Plaintiffs should receive such discovery before their depositions. It should be noted that Plaintiffs have been seeking such discovery from the City for nearly a year, to no avail. And despite multiple orders from the Court, the City has steadfastly refused to provide the discovery in question.

(ECF No. 79, at ¶¶ 5-6 (internal emphasis in original, footnote omitted).) Defendant Levealls' motion to compel, Plaintiffs' renewed motion for default judgment based on failure to produce certain discovery, and other discovery motions were referred to

Magistrate Judge Grand and a hearing was held on June 7, 2016.  At the conclusion of the hearing, Magistrate Judge Grand scheduled an evidentiary hearing regarding Plaintiffs' renewed motion for default judgment.  (ECF No. 83.)  Magistrate Judge Grand recently had to reschedule this hearing due to Defendant City's counsel failure to appear or produce the requested witness.  (ECF No. 87.)  The evidentiary hearing is now rescheduled for August 1, 2016.  (*Id.*)

In light of these facts, including Defendants' repeated and documented failure to produce requested discovery, appear in Court, or submit detailed, well-reasoned motions to the Court, the Court finds that Defendants have failed to show that the Magistrate Judge erred in summarily denying Defendants' Motion to Compel.

Further, the Court finds that Plaintiffs' reason not to produce Plaintiff Timothy Davis for his deposition was reasonable.  While it is clear that Plaintiffs' refusal to produce Plaintiff Timothy Davis was not based on any asserted privilege, Plaintiffs' attorney noted that Defendant had failed to produce highly relevant discovery regarding Plaintiff Timothy Davis' own recorded statements to the City of Detroit.  Defendants implicitly acknowledge in their Objection that they have not produced Plaintiff Timothy Davis' recorded statements to Plaintiffs, and have only provided "Plaintiff Davis' written statement and a synopsis of his audio recorded statement."  (ECF No. 78, at 2.)  Defendants are careful to state that Plaintiffs have only been provided "*much* of its [sic] discovery requests."  (*Id.*) (emphasis added).  Given the fact that Defendants admit that they have failed to produce all of the relevant discovery regarding Plaintiff Timothy

Davis' statements to Defendant City of Detroit, and such information would be pertinent and relevant to Plaintiff Timothy Davis' deposition, the Court denies Defendants' objection that they are entitled to compel Plaintiff Timothy Davis' deposition at this time.

Defendants also argue in their Objection that Magistrate Judge Grand erred in concluding that there was no dispute regarding the deposition of Plaintiff Hatema Davis, because Plaintiff's counsel only provided an objection regarding the production of Plaintiff Timothy Davis. (ECF No. 78, at *3-4.) Defendants argue that Plaintiff's attorney did not object to the notice of deposition for Plaintiff Hatema Davis nor was she produced for her deposition, and hence there is a dispute and they are entitled to an order compelling her deposition. (*Id*. at *3.)

The Court finds, as an initial matter, it was not clear error to conclude Plaintiff Hatema Davis' deposition was not in dispute, because Defendants' Motion to Compel contained insufficient facts to conclude otherwise. Further, as set forth *supra*, Defendants have failed to produce relevant discovery, most significantly Plaintiff Timothy Davis' own recorded statements. The Court finds that Plaintiffs' demand that such pertinent discovery be exchanged prior to Plaintiff Hatema Davis' deposition is reasonable.

## IV. CONCLUSION

In summary, Defendants' Motion to Compel was summarily denied because it lacked any facts or reasoned legal argument and failed to show that Defendants were entitled to any relief. Defendants' Objection fails to point to any error by the Magistrate

Judge in reaching this conclusion, and merely attempts to have this Court address the merits of their motion.  Additionally, even addressing the merits of this motion, the Court finds that Defendants have admittedly failed to provide relevant discovery to Plaintiffs that will logically be a topic of the depositions and, therefore, Plaintiffs' reason for not producing Plaintiffs was valid and reasonable.

Given these facts, the Court finds that the May 16, 2016 Order is not "clearly erroneous" or "contrary to law" and DENIES Defendants' Objection (ECF No. 78).

IT IS SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2016.

s/Deborah Tofil<br>
Case Manager