UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DAVIS and
HATEMA DAVIS,

                    Plaintiffs,              Civil Action No. 15-10547
                                          Honorable Paul D. Borman
          v.                            Magistrate Judge David R. Grand

CITY OF DETROIT, *et al.*,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LEAVELLS [60]

Before the Court is Plaintiffs' Motion for Default Judgment against Defendant Arthur Leavells ("Leavells"), which was filed on March 28, 2016. (Doc. #60). Leavells filed a response to this motion on April 11, 2016 (Doc. #70), and no reply was filed. An Order of Reference was entered on April 4, 2016, referring this motion to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #62). The Court heard oral argument on June 7, 2016.

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the District Court **DENY** Plaintiffs' Motion for Default Judgment against Leavells (**Doc. #60**).

## II.    REPORT

### A.    Factual Background

In this case, Plaintiffs Timothy and Hatema Davis ("Plaintiffs") generally allege that the defendants (primarily City of Detroit police officers, including Leavells) wrongfully raided their home, without probable cause, and seized their lawful marijuana grow operation. Plaintiffs further allege that the defendants have a pattern or practice of engaging in these unlawful

searches and seizures of legitimate marijuana grow facilities in and around the City of Detroit.

Plaintiffs assert that, at the time of the raid of their home, they were never shown or presented with a search warrant authorizing the search of their residence. (Doc. #60 at 2). During the course of discovery, however, the City of Detroit produced what purports to be a search warrant authorizing such a search, which was supported by an affidavit signed by Leavells. (*Id.*). Thus, Plaintiffs claim it is critical that they be able to question Leavells about the facts set forth in his affidavit.

Plaintiffs deposed Leavells on March 14, 2016, at which time he asserted a Fifth Amendment privilege against self-incrimination and refused to answer any questions about his involvement in the raid on Plaintiffs' home or the contents of the affidavit he executed in support of the search warrant.[1] (*Id.* at 9-12). Plaintiffs claim that Leavells improperly asserted the Fifth Amendment "in response to nearly each and every substantive question posed by Plaintiffs' counsel," including questions seeking mere background information. (*Id.* at 3, 12). Plaintiffs claim there was an insufficient basis for Leavells to assert his Fifth Amendment privilege, and he did so solely for purposes of obstructing discovery. (*Id.*). Accordingly, Plaintiff filed the instant motion pursuant to Fed. R. Civ. P. 37(b), (c), and (d), seeking entry of a default judgment against Leavells "for refusing to cooperate in discovery." (*Id.*).

**B.    Analysis**

The Fifth Amendment provides that "[n]o person shall be … compelled in any criminal case to be a witness against himself[.]" U.S. Const. amend V. The law is clear that the Fifth

---

[1] On April 15, 2015, Leavells was charged with one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §846. (Doc. #60 at Ex. D). On June 12, 2015, Leavells entered a Rule 11 plea agreement on the federal charge brought against him. (*Id.* at Ex. E). Specifically, he pled guilty to working with other narcotics officers to divert cocaine that was seized from being placed into evidence and instead distributing the cocaine to drug dealers who could then sell it.

Amendment privilege can be asserted in any proceeding, civil or criminal, in which the witness reasonably believes that the information sought, or discoverable as a result of his testimony, could be used in a subsequent state or federal criminal proceeding. *See Kastigar v. U.S.*, 406 U.S. 441, 444-45 (1972). In a civil case, however, a person invoking his Fifth Amendment privilege has the burden of proving that the requested discovery would be incriminating. *See Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1076 (6th Cir. 1990); *see also In re Morganroth*, 718 F.2d 161, 169 (6th Cir. 1983). Moreover, once a civil litigant invokes the Fifth Amendment privilege on an issue, the litigant is thereafter barred from introducing other evidence on that issue. *See Traficant v. Comm'r of I.R.S.*, 884 F.2d 258, 265 (6th Cir. 1989).

Plaintiffs claim that "[c]ourts in this district have imposed the sanction of a default judgment against a party who improperly invokes the Fifth Amendment in a manner that evinces an intent to obstruct discovery." (Doc. #60 at 13-14). In asserting that entry of a default judgment is appropriate in this case, Plaintiffs rely on Fed. R. Civ. P. 37(b)(2)(A), which provides for sanctions where a party "fails to obey an order to provide or permit discovery ...."[2] (*Id.* at 14). In this case, however, there was no court order that Leavells violated by appearing for his deposition and asserting his Fifth Amendment privilege in response to certain questions. Thus, it certainly appears that the court rule on which Plaintiffs rely is inapplicable here.

Even if the Court were to evaluate the appropriateness of sanctions under Rule 37(b), however, Plaintiffs' arguments are not persuasive. In deciding whether to enter default judgment against a party pursuant to Rule 37(b)(2)(A), courts consider four factors: (1) whether the

---

[2] In their motion, Plaintiffs also reference Rules 37(c)(1) and (d)(1), which they claim provide for sanctions "where a party fails to provide information in discovery ...." (Doc. #60 at 14). Neither of these rules is particularly applicable, however: Rule 37(c)(1) addresses a party's failure to provide information or identify a witness (as required by Rule 26(a) or (e)), and Rule 37(d)(1) deals with a party's failure to appear for a deposition.

party's failure to cooperate in discovery was due to willfulness, bad faith, or fault, as opposed to an inability to cooperate; (2) whether the adversary was prejudiced by the failure to cooperate in discovery; (3) whether the party to be sanctioned was warned that failure to cooperate could lead to default judgment; and (4) whether less dramatic sanctions were imposed or considered before default judgment was entered. *See Bank One of Cleveland*, 916 F.2d at 1073. For the reasons set forth in greater detail below, consideration of these factors weighs against entry of default judgment in this case.

With respect to the first factor, Plaintiffs argue that "Leavells' invocation of his Fifth Amendment privilege was often without legitimate basis and appeared calculated to hamper Plaintiffs' ability to proceed in discovery." (Doc. #60 at 15). Specifically, Plaintiffs take issue with the breadth of Leavells' assertion of the Fifth Amendment privilege, particularly in response to background questions, regarding topics such as his assignment to the Narcotics Unit and the number of years he served as a police officer. (*Id.* at 15-16). Leavells argues, however, that his "exercise of his Fifth Amendment rights was not 'bad faith' – it was common sense"; his criminal defense attorney advised him to invoke his Fifth Amendment right because he was awaiting sentencing in his federal criminal case and was under additional criminal investigation.[3] (Doc. #70 at 13). Having considered the parties' arguments, the Court finds that Plaintiffs have not established that Leavells' failure to answer questions at his deposition was due to willfulness or bad faith. Although Leavells may have overreached in invoking the Fifth Amendment in some respects (i.e., refusing to answer questions seeking basic background information, such as

---

[3] Plaintiffs argue that where Leavells had already pled guilty to federal charges, he waived his right to assert the Fifth Amendment in response to questions about those charges. (Doc. #60 at 16). As Leavells points out, however, courts have recognized that "'a convicted but unsentenced defendant may avail himself of the fifth amendment privilege against self-incrimination.'" (Doc. #70 at 12 n. 3 (quoting *Bank One*, 916 F.2d at 1075)).

his years of experience as a police officer), his criminal defense attorney was not present with him at the deposition, and it appears he was merely acting on her advice, at least as he understood it.  Thus, this factor weighs against entry of default judgment.

With respect to the second factor, Plaintiffs argue that their claims rest on Leavells' affidavit in support of the search warrant, and they are prejudiced by not being able to take discovery from him regarding the information provided.  (Doc. #60 at 17).  The Court agrees that Plaintiffs are prejudiced to some extent by Leavells' refusal to answer questions regarding the affidavit, search warrant, and raid at issue in this case.  Leavells argues, however, that Plaintiffs would not suffer prejudice if the Court were to grant his pending Motion to Stay Proceedings (Doc. #61), apparently suggesting that he could merely re-submit to a deposition at some later date and answer Plaintiffs' questions at that time.  (Doc. #70 at 13-14).  This argument misses the mark; as discussed in this Court's contemporaneous order denying his motion to stay (Doc. #97), because Leavells has invoked his Fifth Amendment privilege regarding these issues, he is barred from later introducing evidence (whether by deposition testimony, trial testimony, affidavit, or otherwise) on these issues.  *See, e.g., Dunkin' Donuts Inc. v. Taseski*, 47 F. Supp. 2d 867, 874 (E.D. Mich. 1999).  Thus, any prejudice suffered by Plaintiffs is mitigated to some extent by the consequences Leavells now faces.

With respect to the third factor, Plaintiffs argue that Leavells "had fair warning of the consequences of his decision to assert a Fifth Amendment privilege" because "the law is clearly established that such an assertion comes with a cost, including barring the litigant from thereafter introducing evidence on the issue."  (Doc. #60 at 17-18).  This argument misses the mark: although Leavells may have been aware that invoking the Fifth Amendment would "come[] with a cost," there is no indication that he was warned – prior to his deposition – that this "cost"

5

would include default judgment.   And, for the reasons discussed herein, no such default judgment would be appropriate in this case.  As such, this favor weighs in favor of Leavells.

Finally, there is no indication that less dramatic sanctions were previously imposed (or even considered) prior to the instant request for default judgment.   Plaintiffs attempt to circumvent this requirement by citing *In re Heraud*, 410 B.R. 569, 575-76 (E.D. Mich. 2009), in support of their argument that "less drastic sanctions will not resolve Leavells' intentional refusal to cooperate in discovery …."  (Doc. #60 at 18-19).  That case is distinguishable, however, as the debtor there made a blanket assertion of the Fifth Amendment privilege, refused to produce <u>any</u> documents or give <u>any</u> substantive answers to the creditor's discovery requests, and refused to appear for his deposition.  Here, however, Leavells appeared for his deposition, participated to some extent, and, as discussed above, is in fact facing some sanctions as a result of his invocation, on the advice of counsel, of the Fifth Amendment.  Thus, the fourth factor weighs in Leavells' favor.

In summary, where, as here, Leavells was acting upon the advice of his criminal defense attorney, had not previously been warned that invocation of his Fifth Amendment privilege could result in default judgment, was not violating any Court order, and was awaiting sentencing after having pled guilty to a serious federal crime, entry of default judgment is not appropriate. Moreover, the law bars Leavells from later introducing testimony or other evidence regarding the issues on which he invoked the Fifth Amendment, which greatly reduces – if not entirely eliminates – any prejudice to Plaintiffs resulting from Leavells' invocation of this privilege.  As such, entry of default judgment is not warranted.

## III.   CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiffs' Motion for Default Judgment against Leavells (**Doc. #60**) be **DENIED**.

Dated: September 29, 2016          s/David R. Grand
Ann Arbor, Michigan                DAVID R. GRAND
                                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2016.

                                   s/Eddrey O. Butts
                                   EDDREY O. BUTTS
                                   Case Manager

7