UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DAVIS
and HATEMA DAVIS,

        Case No. 15-10547

    Plaintiffs,

        Paul D. Borman
v.        United States District Judge

CITY OF DETROIT, *et al.*,        David R. Grand
        United States Magistrate Judge

    Defendants.
_____/

## OPINION AND ORDER RELUCTANTLY GRANTING DEFENDANT CITY OF DETROIT'S MOTION FOR ENLARGEMENT OF TIME AND SCHEDULING STATUS CONFERENCE

Now before the Court is Defendant City of Detroit's Motion for Enlargement of Time, filed December 29, 2016. (ECF No. 105.)

Plaintiffs served on Defendant City of Detroit the document requests underlying this dispute on October 13, 2016. (*See* ECF No. 106-1.) After Defendant City of Detroit raised certain objections to those requests in a telephonic discovery conference between the parties and the Magistrate Judge on November 30, 2016, a compliance deadline of December 30, 2016 was set, with the qualification that Defendant City of Detroit could redact certain privileged information from the documents so long as it also furnished a privilege log to Plaintiffs on the same date. (*See* ECF No. 104.) Defendant City of Detroit filed the instant motion one day before the compliance deadline, on December 29, 2016. (ECF No. 105.) Plaintiffs filed a response in opposition the next day. (ECF No. 106.)

Federal Rule of Civil Procedure 6(b) provides that a court may, for good cause, extend the time to comply with a deadline "if a request is made . . . before the original time or its extension

expires." FED. R. CIV. P. 6(b)(1)(A). In support of good cause, Defendant City of Detroit claims an inability to comply with the deadline "due to the holidays, personnel shortages, and the amount of material in the prospective responses." (ECF No. 105, at *6.) This does not amount to good cause, given the amount of time Defendant City of Detroit had to comply with the request, as well as the amount of time that it delayed before filing this motion. Defendant City of Detroit's conduct is vexatious under 28 U.S.C. § 1927.

As Plaintiffs note, however, the requested documents—comprised primarily of personnel records and civilian complaints related to the individual police officer Defendants in this action—might well be relevant to issues of class certification, and a hearing on Plaintiffs' Motion to Certify Class Action is currently scheduled for January 20, 2017 at 2:30 PM. The Court finds that this requires cancelling the January 20, 2017 class certification hearing. In lieu of that hearing, the parties are hereby required to attend a status conference on the same date and time, at which a new compliance deadline for Defendant City of Detroit will be established, and a new date for the class certification hearing will be set.

Accordingly, the Court ORDERS all parties to attend a status conference on January 20, 2017 at 2:30 PM. The hearing on Defendant Arthur Leavells' Motion for Partial Summary Judgment, also scheduled for January 20 at 2:30 PM, will not occur at that date and time. The hearing on Plaintiffs' Motion to Certify Class Action is hereby cancelled. The hearing on Defendant Leavells' motion is also cancelled.

IT IS SO ORDERED.

    s/Paul D. Borman  
    PAUL D. BORMAN  
    UNITED STATES DISTRICT JUDGE

Dated: January 11, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2017.

                                                s/Deborah Tofil
                                                Deborah Tofil
                                                Case Manager (313)234-5122