UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DAVIS
and HATEMA DAVIS,

          Case No. 15-10547

      Plaintiffs,

          Paul D. Borman
v.          United States District Judge

CITY OF DETROIT, *et al.*,          David R. Grand
          United States Magistrate Judge

      Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT ARTHUR LEAVELLS' MOTION FOR PARTIAL SUMMARY JUDGMENT

In this putative class action, Plaintiffs Timothy Davis and Hatema Davis allege that their home was wrongfully raided by officers of the Detroit Narcotics Unit on December 27, 2013; that they were subject to unlawful arrest and detention during and after the raid; and that their property, which included a quantity of marijuana plants and related byproducts, was wrongfully confiscated in the course of the raid. (*See* ECF No. 21 at 2-4.) Plaintiffs allege violations of the Fourth and Fourteenth Amendments, and also bring a claim against Defendant City of Detroit under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), based on allegations of the City's inadequate training and/or supervision of its agents and employees regarding the constitutional rights of citizens. (*See* ECF No. 21 at 4-6.)

Defendant Arthur Leavells filed the present Motion for Partial Summary Judgment on July 14, 2016. (ECF No. 90.) In that Motion, Defendant Leavells asserts that certain violations of the Michigan Medical Marihuana Act, MCL §333.26421 *et seq.*, on Plaintiffs' part were discovered in the course of the raid on December 27, 2013, and argues that those violations bar Plaintiffs from

1

collecting damages for their confiscated marijuana and associated property under Michigan's wrongful-conduct rule. (*See* ECF No. 90 at 12-16.) In their Response to the Motion, Plaintiffs counter that Defendant Leavells has cited no authority supporting the application of this rule to their federal constitutional claims. (*See* ECF No. 94 at 7.) Defendant Leavells clarifies in his Reply that the Motion "seeks only *partial* dismissal of Plaintiff's *state law* claims for damages on their 'lost' marijuana." (ECF No. 95 at 1.)

Plaintiffs stated in their Response, however, that the "instant action does not allege any claims under state law." (ECF No. 94 at 7 n.1.) Further, Plaintiffs' counsel indicated on the record at the status conference on January 20, 2017 that Plaintiffs have not asserted any substantive state-law claims in this action. Accordingly, there is no need for the Court to dismiss such claims, as they do not exist.

For this reason, Defendant Leavells' Motion for Partial Summary Judgment is DENIED as moot.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: January 24, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 24, 2017.

s/D. Tofil
Deborah Tofil, Case Manager

2