UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DAVIS
and HATEMA DAVIS,

        Plaintiffs,

v.

CITY OF DETROIT, *et al.*,

        Defendants.

_____/

Case No. 15-10547

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## OPINION AND ORDER:
## (1) OVERRULING PLAINTIFFS' OBJECTIONS;
## (2) ADOPTING THE MAGISTRATE JUDGE'S MAY 11, 2018 REPORT AND RECOMMENDATION; AND
## (3) DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

In this putative class action, nominal Plaintiffs Timothy and Hatema Davis allege that Defendant City of Detroit (the "**City**" or "**Defendant**") and various individual police officer Defendants violated their constitutional rights when officers of the City's Narcotics Unit searched Plaintiff Timothy Davis's duly licensed marijuana grow facility, seized property that he legitimately owned in connection with his operation of that facility, and arrested Plaintiff Timothy Davis, all without probable cause. Plaintiffs have moved for certification of a class of other individuals engaged in licensed distribution of medical marijuana who have suffered similar constitutional deprivations by Defendants.

In a Report and Recommendation issued on May 11, 2018, Magistrate Judge David R. Grand recommended that this Court deny Plaintiffs' Motion for Class Certification. (ECF No. 165, Report and Recommendation.) Plaintiffs have filed Objections to the Report and Recommendation, and Defendants have filed a Response to Plaintiffs' Objections. For the reasons that follow, the Court will overrule Plaintiffs' Objections, adopt the Magistrate Judge's May 11, 2018 Report and Recommendation, and deny Plaintiffs' Motion for Class Certification.

## I. BACKGROUND

The Magistrate Judge comprehensively set forth the factual background of this matter in his Report and Recommendation. The Court adopts that account here. (Report and Recommendation at 2-5, Pg ID 2965-68.)

Plaintiffs allege in this action that officers of the City of Detroit's Narcotics Unit searched Plaintiffs' home, seized Plaintiff Timothy Davis's lawfully owned marijuana plants and other byproducts of his marijuana grow facility, and arrested Plaintiff Timothy Davis himself, all without probable cause. (*See* Report and Recommendation at 2-3, Pg ID 2965-66.) Plaintiffs further allege that "Defendant City of Detroit has allowed an unconstitutional policy, custom and practice to flourish within its police department under which its police officers, including Defendants, have unlawfully seized, confiscated, destroyed, or otherwise disposed of legitimate products of marijuana grow facilities." (*Id.* at 4, Pg ID 2967 (internal

quotation marks omitted) (quoting ECF No. 21, Am. Compl. at ¶ 25).) Plaintiffs seek certification of the following proposed class:

> (a) individuals who were the owners and/or occupants of homes and/or businesses engaged in the licensed distribution of marijuana for medical purposes; (b) who were subjected to search and/or seizure by agents and/or members of the Detroit Police Department's Narcotics' Unit; [(c)] from the period of February 11, 2012 until the date of judgment or settlement of this case; [(d)] who were never convicted of any offense arising from the search and/or seizure; [(e)] whose search and seizure were executed without probable cause; and [(f)] where such searches and/or seizures were conducted pursuant to Defendant City of Detroit's policies, practices, and/or customs.

(*Id.* at 4-5, Pg ID 2967-68 (alterations in original) (footnote omitted) (quoting ECF No. 88, Pls.' Mot. at 9-10, Pg ID 1024-25).)

In the May 11, 2018 Report and Recommendation, the Magistrate Judge recommended that this Court deny Plaintiffs' Motion for Class Certification. First, the Magistrate Judge determined that Plaintiffs' proposed class does not meet Federal Rule of Civil Procedure 23(a)'s implicit ascertainability requirement, under which "the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537–38 (6th Cir. 2012) (internal quotation marks and citation omitted). The Magistrate Judge determined that Plaintiffs' proposed class fails to meet this standard specifically because of one criterion of that proposed class: that class members be

3

"individuals . . . whose search[es] and seizure[s] were executed without probable cause." (Report and Recommendation at 9, Pg ID 2972 (internal quotation marks omitted) (quoting Pls.' Mot. at 10, Pg ID 1025).) This element, the Magistrate Judge explained, "cannot be determined by reference to objective facts, and Plaintiffs make no showing as to how this particular criteria could be established without extensive and individualized fact-finding or mini-trials." (*Id.* (footnote omitted).) In this regard, the Magistrate Judge rejected Plaintiffs' reliance on *Stinson v. City of New York*, 282 F.R.D. 360 (S.D.N.Y. 2012), in which a district court certified a proposed class that was "defined to include individuals who were issued summonses that were later dismissed upon a judicial finding of facial insufficiency *and who were ticketed without probable cause.*" *Id.* at 363 (emphasis added). The Magistrate Judge found *Stinson* to be distinguishable from the instant case:

> Integral to the holding [in *Stinson*] is that well before the motion to certify the class was broached, all putative class members had had their cases scrutinized under a "facial sufficiency review . . . involv[ing] a judicial determination of whether the summons [they had been] issued lacked probable cause." [*Stinson*, 282 F.R.D.] at 376. Thus, the *Stinson* class members were objectively identifiable because there was a litmus test for establishing whether a lack of probable cause existed in each individual's particular case; the existence of the prior judicial determinations meant the court could identify class members without having to delve into the distinct circumstances surrounding every particular search.

(Report and Recommendation at 10-11, Pg ID 2973-74.) Here, by contrast,

4

> there is nothing in the record comparable to a prior judicial determination evincing whether or not probable cause existed with respect to the putative class members' individual searches. Without such a marker, the only way of identifying class members would be for the Court to sift extensively through police records, witness testimony, and other applicable evidence in each particular case to determine whether probable cause existed at the time of the search in question – a highly individualized and fact-intensive mini-trial, the necessity of which is at odds with the ascertainability requirement.

(*Id.* at 11, Pg ID 2974.)

The Magistrate Judge then acknowledged Plaintiffs' argument that under Sixth Circuit precedent, Plaintiffs' failure to meet the ascertainability requirement need not be fatal to their case for class certification if they are "seeking *only* injunctive and declaratory relief" under Rule 23(b)(2). (*Id.* at 13, Pg ID 2976 (emphasis in original) (quoting *Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir. 2016)).) Even so, the Magistrate Judge determined that Plaintiffs' "bare-bones argument" that they meet this exception to the ascertainability requirement because they are seeking injunctive and/or declaratory relief in this action "is fundamentally flawed, and class certification under Rule 23(b)(2) is inappropriate." (*Id.*) The Magistrate Judge reached this conclusion for several reasons. First, the Magistrate Judge noted that "nowhere in Plaintiffs' complaint or motion papers do they specify any particular equitable relief they are seeking." (*Id.* at 14, Pg ID 2977.) Second, the Magistrate Judge found that Plaintiffs have no basis for seeking injunctive relief to prevent a future violation of rights, and indeed noted that Plaintiffs have conceded

as much, because the Narcotics Unit "was 'dismantled' after an Internal Affairs investigation 'revealed irregularities in the search and seizure of narcotics during raids.'" (*Id.* at 15, Pg ID 2978 (quoting Pls.' Mot. at 5, Pg ID 1020).) Third, the Magistrate Judge rejected Plaintiffs' argument that Rule 23(b)(2) certification is appropriate based on Plaintiffs' request for declaratory relief in this action—both because Rule 23(b)(2) contemplates declaratory relief that "correspond[s] to" final injunctive relief (which Plaintiffs have no basis for seeking), and because it is apparent that Plaintiffs are really after money damages, since

> the declaratory "relief" sought by Plaintiffs – namely, a declaration that the Unit operated pursuant to the City of Detroit's unconstitutional policies, customs, and practices – gives them no actual relief (and does not remedy any wrong), and would be nothing more than a factual determination of an issue which might lead to an award of money damages against the City under a [municipal liability claim pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)].

(*Id.* at 16, Pg ID 2979 (footnote omitted).) Finally, the Magistrate Judge rejected Plaintiffs' contention, apparently raised for the first time at oral argument, that they could seek certification of a "declaratory relief 'subclass.'" (*Id.* at 17, Pg ID 2980.)

Apart from the ascertainability issues discussed above, the Magistrate Judge expressed "doubts as to whether the numerosity element is met in this case." (*Id.* at 12 n.8, Pg ID 2975.) A threshold requirement for Rule 23 class certification is that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ.

P. 23(a)(1). Plaintiffs' numerosity argument is that while they currently represent only twenty additional members of the proposed class, there is a "likelihood of hundreds of putative class members." (Report and Recommendation at 12 n.8, Pg ID 2975 (internal quotation marks omitted) (quoting Pls.' Mot. at 14, Pg ID 1029).) The Magistrate Judge found this argument to be unpersuasive because Plaintiffs rely only on the predicted size of the class, which does not fully answer the question of whether joinder would be impracticable; because "[m]ere speculation" as to the size of a class is insufficient to support a finding of numerosity; and because "without a finding of impracticability, courts have declined to find numerosity for classes consisting of even hundreds of individuals." (*Id.* (internal quotation marks and citations omitted).)

For all of the reasons summarized above, the Magistrate Judge recommended that this Court deny Plaintiffs' Motion for Class Certification. Plaintiffs filed timely Objections to the Report and Recommendation on May 25, 2018 (ECF No. 166, Pl.'s Obj.), and Defendants filed a timely Response to Plaintiffs' Objections on June 8, 2018 (ECF No. 167, Defs.' Resp.).

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a

timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Likewise, an objection that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.  DISCUSSION

Plaintiffs have raised separate objections to the Magistrate Judge's determinations that the proposed class does not meet Rule 23(a)'s ascertainability requirement, does not meet Rule 23(a)(1)'s numerosity requirement, and does not qualify for certification under Rule 23(b)(2). For the reasons set forth below, the Court finds that these objections lack merit, and will therefore adopt the Report and Recommendation, and deny Plaintiff's Motion for Class Certification.

### A. Plaintiffs' First Objection

Plaintiffs object to the Magistrate Judge's determination that their proposed class definition does not meet Rule 23(a)'s implicit ascertainability requirement based on the proposed class definition's "probable cause" criterion. Plaintiffs' argument in this regard relies chiefly on *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012). The proposed class at issue in *Young* was made up of ten sub-classes, each of which comprised "[a]ll persons in the Commonwealth of Kentucky who purchased insurance from or underwritten by [Defendant insurer] during the Relevant Time Period . . . and who were charged local government taxes on their payment of premiums which were either not owed, or were at rates higher than permitted." *Id.* at 536. In upholding the district court's certification of this proposed class, the Sixth Circuit rejected the defendants' argument that "the class definition is not administratively feasible because it requires impermissible merits inquiries," and found instead that the class was "defined by classic categories of objective criteria." *Id.* at 538-39. Specifically, the Sixth Circuit observed that determining an individual's class membership based on the proposed class definition would only require a court to determine "the following facts: the location of the insured risk/property; the geographical boundaries for the relevant local government; the local tax for a particular taxing district within whose boundaries the insured property is located; and the local tax charged and collected from the

9

policyholder." *Id.* at 539. The Sixth Circuit held that determining an individual's class membership was, for ascertainability purposes, "no different than determining whether an individual is of a minority race or gender, required elements in class action discrimination cases and most certainly part of the class definition." *Id.*

*Young* is readily distinguishable. As the portions of the *Young* opinion quoted above make clear, the factual determinations that the Sixth Circuit found to be insufficiently onerous to defeat a finding of ascertainability were factual determinations that could be made by retrieving data from records—indeed, records that were compatible with software that would facilitate such retrieval. This is materially different from a judicial determination of probable cause, which requires an inquiry far more involved than a records search, and which consequently is as different from a determination of geographically applicable taxes as it is different from a determination of a discrimination claimant's race or gender. Indeed, before analyzing the ascertainability of the proposed class in the case at bar, the Young court listed several examples of administratively *unfeasible* class criteria, and among these was "a definition requiring individual determinations of constitutional violations." *Id.* at 538 (citing *Catanzano v. Dowling*, 847 F. Supp. 1070, 1079 (W.D.N.Y. 1994)). *Young* does not support Plaintiffs' argument.

Plaintiffs also cite *Stinson v. City of New York*, 282 F.R.D. 360 (S.D.N.Y. 2012), in support of their ascertainability argument. In the Report and

10

Recommendation, the Magistrate Judge found *Stinson* distinguishable because unlike in this case, all putative class members in *Stinson* "had had their cases scrutinized under a 'facial sufficiency review . . . involv[ing] a judicial determination of whether the summons [they had been] issued lacked probable cause.'" (Report and Recommendation at 10-11, Pg ID 2973-74 (quoting *Stinson*, 282 F.R.D. at 376).) To the extent that Plaintiffs' argument addresses this determination by the Magistrate Judge—rather than arguing ascertainability based on *Stinson* generally—the argument is that the fact "that each and all the putative class members' claims [ in *Stinson*] were subject to a review process in state court . . . was not dispositive to the court's ultimate decision to certify the class." (Pls.' Obj. at 10, Pg ID 2992.) Yet whatever the import of this factor to the *Stinson* court's ruling, the fact remains that the putative class members in that case had been previously subject to probable-cause determinations, while the putative class members in this case have not. Stinson is distinguishable. *Stinson* is also non-precedential, and Plaintiffs have cited no binding authority suggesting that the Magistrate Judge committed legal error in determining that Plaintiffs have not satisfied the ascertainability requirement.

Accordingly, the Court will overrule Plaintiffs' first objection.

**B.     Plaintiffs' Second Objection**

Plaintiffs' second objection is directed at the Magistrate Judge's finding that Plaintiffs' prediction of potentially hundreds of potential class members is too

11

speculative to satisfy Rule 23(a)(1)'s numerosity requirement. Plaintiffs' disagreement with this finding is premised on testimony by Defendant Arthur Leavells in earlier proceedings suggesting that Leavells submitted applications for warrants based on lies or misrepresentations on a frequent basis, and deposition testimony by Defendant Stephen Geelhood that the Narcotics Unit performed "two [raids] a day, every day." (Pls.' Obj. at 13-14, Pg ID 2995-96 (citations omitted).) In support of this argument, Plaintiffs cite *Senter v. Gen. Motors Corp.*, 532 F.2d 511 (6th Cir. 1976), in which the Sixth Circuit explained that "[i]n ruling on a class action a judge may consider reasonable inferences drawn from facts before him at that stage of the proceedings, and an appellate court will generally defer to the District Court's determination that a class is sufficiently numerous to make joinder impracticable." *Id.* at 523.

Plaintiffs' argument is not persuasive. Although *Senter* does stand for the proposition quoted in the paragraph above, the context in which that proposition is stated renders the case distinguishable from this case. In *Senter*, a Title VII race discrimination class action, the Sixth Circuit held as follows:

> Here the [District] Judge determined that the definable class of persons for whom the action may be maintained consisted of all black employees who, during a period between July 2, 1965 and September 1, 1971, were denied an opportunity for promotion to supervisory positions although possessing seniority and qualifications equivalent to white employees who were so promoted. During this period blacks comprised approximately fourteen percent of the work force at [the

defendant employer]. It would be reasonable to infer that a substantial number of these individuals are includable in the class eligible for relief on the basis of Appellant's action and that their joinder would be impracticable.

*Id.* at 522-23 (footnotes omitted).

To whatever extent *Senter* represents, as Plaintiffs characterize it, "an extrapolation approach to determining numerosity" (Pls.' Obj. at 15, Pg ID 2997), that approach requires more than the extremely generalized testimony by Defendants Leavells and Geelhood cited above. And while Plaintiffs may be correct that a "court may make common sense assumptions in examining the numerosity requirement" (*id.* at 16, Pg ID 2998 (quoting *Kilbourn v. Candy Ford-Mercury, Inc.*, 209 F.R.D. 121, 131 (W.D. Mich. 2002)), this Court is not persuaded that extrapolating the likelihood of "hundreds" of class members from Defendants Leavells's and Geelhood's testimony is indeed a matter of common sense. The Magistrate Judge regarded Plaintiffs' prediction of the size of the putative class to be overly speculative, and this Court agrees. Plaintiffs' second objection will be overruled.

### C. Plaintiffs' Third Objection

In their third objection, Plaintiffs take issue with what they characterize as the Magistrate Judge's imposition of the "second, higher hurdle" of "impracticability" in the Rule 23(a)(1) numerosity inquiry. In this regard, Plaintiffs note that many of the individual claimants have suffered less substantial damages than the named

13

Plaintiffs, and argue that the resultant difficulty that these Plaintiffs will face in pursuing *Monell* claims separately weighs in favor of a finding of impracticability.

It is not clear to this Court that Plaintiffs' characterization of the Report and Recommendation as imposing an additional, higher requirement for "impracticability" is accurate; rather, the portions of the Report and Recommendation that Plaintiffs challenge in this regard can be more reasonably read as stating the uncontroversial proposition that the number of class members in a given case is not necessarily dispositive on the issue of whether the class is so numerous as to render joinder impracticable. (*See* Report and Recommendation at 12 n.8, Pg ID 2975.) Regardless, the core the Magistrate Judge's analysis of this issue was his finding that Plaintiffs' projection of a class of hundreds of members is too sparsely supported—particularly given the amount of time that this case has been pending—to be anything but speculative. Plaintiffs' third objection does not undermine this finding, and so that objection will be overruled as well.

### D. Plaintiffs' Fourth Objection

Finally, Plaintiffs object to the Magistrate Judge's determination that they have not adequately established grounds for injunctive or declaratory relief, as would warrant certification of the proposed class under Rule 23(b)(2). Specifically, Plaintiffs argue somewhat conclusorily that their assertion of a *Monell* claim in this action means that an award of declaratory and injunctive relief would be appropriate

to prevent a repeat of the harm alleged in this case. Plaintiffs further argue that if a jury were to award only nominal damages to them, declaratory relief by this Court "might buttress Plaintiffs' claims for statutory attorney fees," which in turn would promote the prosecution of civil rights class action claims generally. (Pls.' Obj. at 20, Pg ID 3002.) With its reference to a jury award (even a nominal one), the latter of these two arguments, appears to overlook the Magistrate Judge's finding that class actions seeking *only* injunctive or declaratory relief may be certified under Rule 23(b)(2). More importantly, neither of these two arguments address the Magistrate Judge's sound determination that Plaintiffs have made no specific request for injunctive relief—and possibly cannot do so, if indeed the Narcotics Unit has been dismantled—which in turn renders certification under Rule 23(b)(2) unavailable on the basis of declaratory relief as well, as such declaratory relief must in some fashion correspond to requested injunctive relief.

Plaintiffs also challenge the Magistrate Judge's conclusion that the proposed class cannot be certified under Rule 23(b)(1) or Rule 23(b)(3). The Magistrate Judge concluded as much based on Plaintiffs' failure to meet the ascertainability requirement, which, the Magistrate Judge noted, applies to all Rule 23 class actions except for those seeking injunctive or declaratory relief only. Plaintiffs argue that the proposed class satisfies various requirements of Rule 23(b)(1) and Rule 23(b)(3) class actions, but Plaintiffs' argument is premised on the notion that the Magistrate

15

Judge's ascertainability finding was erroneous. But for the reasons stated in the discussion of Plaintiff's first objection, above, the Court finds that it was not. Accordingly, Plaintiffs' fourth objection will be denied.

## IV.   CONCLUSION

For all of the reasons stated above, the Court hereby OVERRULES Plaintiffs' Objections (ECF No. 166), ADOPTS the Magistrate Judge's May 11, 2018 Report and Recommendation , and DENIES Plaintiffs' Motion for Class Certification.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: 8/31/18